IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS N.V. and U.S. PHILIPS CORPORATION, | |
| Plaintiffs, | Civil Action No.08-cv-4070 (SCR) |
| v. | ECF Case |
| ENTERTAINMENT DISTRIBUTION COMPANY (USA) LLC; ENTERTAINMENT DISTRIBUTION COMPANY; UNIVERSAL MUSIC GROUP, INC.; UMG MANUFACTURING & LOGISTICS, INC.; JAMES CAPARRO, an Individual; JORDAN COPLAND, an Individual; and John Does No. 1 through 100, | **ANSWER AND COUNTERCLAIM OF UMG MANUFACTURING & LOGISTICS, INC.** |
| Defendants and Counterclaim Plaintiffs. | |

Defendant UMG Manufacturing & Logistics, Inc. ("UMGML") hereby responds to the First Amended Complaint by Koninklijke Philips Electronics N.V. ("Philips N.V.") and U.S. Philips Corporation ("U.S. Philips") (collectively referred to as "Philips") by and through their counsel as follows:

1.      The allegations contained in Paragraph 1 appear to characterize the nature of this case. To the extent a response is required, UMGML denies the allegations contained in Paragraph 1.

## THE PARTIES

2.      UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and, therefore, denies them.

1

3. UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and, therefore, denies them.

4. UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and, therefore, denies them.

5. UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, and, therefore, denies them.

6. UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and, therefore, denies them.

7. UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and, therefore, denies them.

8. UMGML admits the allegations contained in Paragraph 8.

9. UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and, therefore, denies them.

10. UMGML admits that Philips has elected to so classify the companies in the complaint.

11. UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and, therefore, denies them.

**JURISDICTION AND VENUE**

12. UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and, therefore, denies them.

13. The allegations contained in Paragraph 13 are legal conclusions to which no response is required. To the extent a response is required, UMGML denies the allegations contained in Paragraph 13.

14. The allegations contained in Paragraph 14 are legal conclusions to which no response is required. To the extent a response is required, UMGML denies the allegations contained in Paragraph 14.

15. UMGML denies the allegations contained in Paragraph 15.

16. UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and, therefore, denies them.

17. UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, and, therefore, denies them.

18. UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, and, therefore, denies them.

19. UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, and, therefore, denies them.

20. UMGML denies that it has irrevocably waived any objections to the jurisdiction, process, and venue of this Court, and to the effectiveness, execution, and enforcement of any order or judgment (including default judgment) with respect to the UMGML Agreement or the UMGML Letter Agreement, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20, and, therefore, denies them.

21. UMGML denies that it is subject to personal jurisdiction in this district, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21, and, therefore, denies them.

22.    UMGML denies that it voluntarily placed unlicensed CD-Discs into the stream of commerce, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22, and, therefore, denies them.

**FACTS RELATED TO PHILIPS**

23.    UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and, therefore, denies them.

24.    UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and, therefore, denies them.

25.    UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and, therefore, denies them.

26.    UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and, therefore, denies them.

27.    UMGML admits that Philips has elected to so classify the systems in the complaint.

28.    UMGML admits Exhibit A to the Amended Complaint is a purported copy of the '846 patent but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 and, therefore, denies them, and specifically denies that the '846 was duly and legally issued after full and fair examination or that it is valid and subsisting.

29.    UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and, therefore, denies them.

**FACTS RELATED TO THE REPLICATOR DEFENDANTS**

30. UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30, and, therefore, denies them.

31. UMGML denies the allegations contained in numbered Paragraph 31.

32. UMGML denies the allegations contained in numbered Paragraph 32.

33. UMGML denies the allegations contained in numbered Paragraph 33.

34. UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34, and, therefore, denies them.

35. UMGML admits that EDC acquired some CD-Disc manufacturing operations of UMGML in 2005, but states that the remaining allegations in Paragraph 35 are legal conclusions to which no response is required. To the extent a response is required, UMGML denies the allegations contained in Paragraph 35.

36. UMGML states that the referenced UMGML Agreement speaks for itself, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36, and, therefore, denies them.

37. UMGML states that the referenced Agreement speaks for itself, and denies the remaining allegations contained in Paragraph 37.

38. UMGML states that the referenced Agreement speaks for itself, and denies the remaining allegations contained in Paragraph 38.

39. UMGML states that the referenced Agreement speaks for itself, and denies the remaining allegations contained in Paragraph 39.

40. UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40, and, therefore, denies them.

41. UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41, and, therefore, denies them.

42. UMGML states that the referenced UMGML Agreement speaks for itself, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42, and, therefore, denies them.

43. UMGML states that the referenced UMGML Agreement speaks for itself, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43, and, therefore, denies them.

44. UMGML states that the referenced UMGML Agreement speaks for itself, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44, and, therefore, denies them.

45. UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 and, therefore, denies them.

46. UMGML states that the referenced UMGML Agreement speaks for itself, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 46, and, therefore, denies them.

47. UMGML admits that it has made payments to Philips, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 47, and, therefore, denies them.

48. UMGML states that the referenced UMGML Agreement speaks for itself, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 48, and, therefore, denies them.

49. UMGML states that the referenced Agreement speaks for itself, and denies the remaining allegations contained in Paragraph 49.

50. UMGML denies the allegations contained in Paragraph 50.

51. UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51, and, therefore, denies them.

52. UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 and, therefore, denies them.

53. UMGML states that the referenced Agreement speaks for itself, and denies the remaining allegations contained in Paragraph 53.

54. UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54, and, therefore, denies them.

55. UMGML states that the referenced Agreement speaks for itself, and denies the remaining allegations contained in Paragraph 55.

56. UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56, and, therefore, denies them.

57. UMGML states that the referenced UMGML Agreement speaks for itself, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 57, and, therefore, denies them.

58. UMGML states that the referenced UMGML Agreement speaks for itself, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 58, and, therefore, denies them.

**FACTS RELATING TO BREACH OF CONTRACT CLAIM**

59. UMGML states that the referenced UMGML Agreement speaks for itself, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 59, and, therefore, denies them.

60. UMGML states that the referenced UMGML Agreement speaks for itself, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 60, and, therefore, denies them.

61. UMGML denies the allegations contained in Paragraph 61.

62. UMGML admits that it has made payments to Philips, but denies the remaining allegations contained in Paragraph 62.

63. UMGML denies the allegations contained in Paragraph 63.

64. UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64, and, therefore, denies them.

65. UMGML denies that after 1Q 2006 it failed to report and pay royalties for all CD-Discs made and sold in the U.S., but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 65, and, therefore, denies them.

66. UMGML denies that after the calendar quarter identified in ¶63 of the Complaint it has continued to make and sell at least 350 million CD-Discs in the U.S., without providing royalty reports and/or paying royalties to Philips for all CD-Discs that they manufacture and/or sell, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 66, and, therefore, denies them.

67. UMGML admits that CD-Discs it made were sold in the United States, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 67, and, therefore, denies them.

68. UMGML denies that it does not contest the allegations made in ¶68, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 68, and, therefore, denies them.

69. UMGML denies that it failed to submit quarterly "Royalty Reporting Forms" and/or to keep complete and accurate books and records, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 69, and, therefore, denies them.

**FACTS RELATING TO PATENT INFRINGEMENT CLAIM**

70. UMGML denies that it makes discs that fall within the claims of the '846 patent, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 70, and, therefore, denies them.

71. The allegations contained in Paragraph 71 are legal conclusions to which no response is required. To the extent a response is required, UMGML denies the allegations contained in Paragraph 71.

72. The allegations contained in Paragraph 72 are legal conclusions to which no response is required. To the extent a response is required, UMGML denies the allegations contained in Paragraph 72.

73. UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73, and, therefore, denies them.

74. UMGML denies that it is making and/or selling CD-Discs covered by the '846 patent in the U.S. without a license and/or without paying royalties to Philips, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 74, and, therefore, denies them.

75. UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75, and, therefore, denies them.

76. UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76, and, therefore, denies them.

77. UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77, and, therefore, denies them.

78. UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78, and, therefore, denies them.

79. UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79, and, therefore, denies them.

## COUNT I
## BREACH OF CONTRACT

80. UMGML repeats and reasserts all responses to Paragraphs 1 through 79 as if they were stated in full herein.

81. The allegations contained in Paragraph 81 are legal conclusions to which no response is required. To the extent a response is required, UMGML denies the allegations contained in Paragraph 81.

82. The allegations contained in Paragraph 82 are legal conclusions to which no response is required. To the extent a response is required, UMGML denies the allegations contained in Paragraph 82.

83. UMGML denies that it has materially breached the UMGML Agreement, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 83, and, therefore, denies them.

84. UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84, and, therefore, denies them.

85. UMGML denies the allegations contained in Paragraph 85.

86. UMGML denies that it has breached the UMGML Agreement or the UMGML Side Letter, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 86, and, therefore, denies them.

87. UMGML denies that it breached the UMGML Side Letter, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 87, and, therefore, denies them.

88. UMGML states that the referenced UMGML Agreement speaks for itself, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 88, and, therefore, denies them.

89. UMGML states that the referenced UMGML Agreement speaks for itself, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 89, and, therefore, denies them.

90. UMGML states that the referenced UMGML Agreement speaks for itself, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 90, and, therefore, denies them.

91. UMGML denies that it breached the UMGML Agreement and the UMGML Side Letter UMGML, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 91, and, therefore, denies them.

92. UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92, and, therefore, denies them.

## COUNT II
## PATENT INFRINGEMENT

93. UMGML repeats and reasserts all responses to Paragraphs 1 through 92 as if they were stated in full herein.

94. UMGML denies that it has infringed and is continuing to infringe the '846 patent, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 94, and, therefore, denies them.

95. UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95, and, therefore denies them.

96. The allegations contained in Paragraph 96 are legal conclusions to which no response is required. To the extent a response is required, UMGML denies the allegations contained in Paragraph 96.

97. UMGML lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97, and, therefore denies them.

98. UMGML admits that public records show that a Reexamination Request for the '846 patent was filed in the Patent Office on December 8, 2004 and that Exhibit F to the Amended Complaint purports to be a copy of a Reexamination Certificate but denies the remaining allegations contained in Paragraph 98.

99. UMGML denies that it had knowledge of the '846 patent at all times relevant to this action, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 99, and, therefore, denies them.

100. UMGML denies that it has infringed the '846 patent and that any such infringement has been and continues to be willful, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 100, and, therefore, denies them.

101. UMGML denies that it has infringed the '846 patent and denies that Philips has suffered monetary damages, other damages, and irreparable injury. UMGML further denies that Philips has no adequate remedy at law. UMGML lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 101, and, therefore, denies them.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

UMGML has not directly or contributorily infringed any claim of the patent-in-suit, nor has it induced others to infringe the patent-in-suit.

**SECOND AFFIRMATIVE DEFENSE**

The patent-in-suit is unenforceable due to Philips' patent misuse, prosecution laches, and inequitable conduct, namely, Philips' intentional failure to timely inform the Patent Examiner of material prior art and other information known to Philips, including by Philips abandoning an allowed patent application in favor of a continuing patent application with the same claims, and by Philips submitting prior art in a reexamination proceeding in a manner ensuring that the Patent Office would not consider it on the merits.

**THIRD AFFIRMATIVE DEFENSE**

The patent-in-suit is invalid for failure to comply with one or more provisions of Title 35 of the United States Code related to patentability.

**FOURTH AFFIRMATIVE DEFENSE**

The claims asserted by plaintiffs are barred by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

The claims asserted by plaintiffs are barred by the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

The claims asserted by plaintiffs are barred by estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

The claims asserted by plaintiffs are barred by waiver.

**EIGHTH AFFIRMATIVE DEFENSE**

If plaintiffs suffered damages as alleged, plaintiffs failed to mitigate such damages.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff U.S. Philips Corporation lacks standing to assert breach of contract claims because it is not the licensing entity, and plaintiff Koninklijke Philips Electronics N.V. lacks

standing to assert patent infringement or contract claims under the '846 patent because it does not own the licensed patent and is not an exclusive licensee thereof.

### TENTH AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim on which relief may be granted.

### ELEVENTH AFFIRMATIVE DEFENSE

Philips is estopped to construe the claims of the '846 Patent to cover any products made, used, sold, offered for sale or imported by Defendants because of statements, amendments, or actions taken during the prosecution of the '846 Patent.

### TWELVTH AFFIRMATIVE DEFENSE

The claims of the '846 Patent cannot be construed to cover any product made, used, sold, offered for sale or imported by Defendants and avoid the prior art.

### THIRTEENTH AFFIRMATIVE DEFENSE

Philips is not entitled to an injunction or any other equitable remedy because it has an adequate remedy at law.

### FOURTEENTH AFFIRMATIVE DEFENSE

Philips' causes of action and claims for damages and other relief are barred, in whole or in part, by applicable contractual and statutory limitations periods.

### COUNTERCLAIMS

UMGML counterclaims against Philips as follows:

### EXISTENCE OF ACTUAL CONTROVERSY

1. These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§2201(a) and 2202.

2. An actual justiciable controversy, as set forth in this counterclaim, exists between Defendants and Philips concerning the validity, enforceability and infringement of the patent-in-suit.

### THE PARTIES

3. Plaintiff-in-Counterclaim, Universal Music Group Manufacturing & Logistics ("UMGML") is a company organized under the laws of Delaware with a place of business at 10 Universal City Plaza, Universal City, California.

4. Upon information and belief, Defendant-in-Counterclaim Koninklijke Philips Electronics N.V. is a corporation organized under the laws of The Netherlands with a place of business in Amsterdam, the Netherlands.

5. Upon information and belief, Defendant-in-Counterclaim U.S. Philips Corporation is a corporation organized under the laws of Delaware with places of business at 1251 Avenue of the Americas, New York, New York, and at 345 Scarborough Rd., Briarcliff Manor, New York. Defendants-in-Counterclaim Koninklijke Philips Electronics N.V. and U.S. Philips Corporation are collectively referred to as "Philips."

### JURISDICTION AND VENUE

6. The Court has jurisdiction over UMGML and Philips, and over the subject matter of these counterclaims under 28 U.S.C. §§ 1331, 1338, 2201 and 2202 and under the doctrines of pendent and supplemental jurisdiction.

7. By filing its Complaint, Philips has consented to the personal jurisdiction of this Court.

8. By filing its Complaint, Philips has consented to this Venue.

## COUNT I
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

9. Plaintiff-in-Counterclaim repeats and reasserts all allegations in the paragraphs above as if they were stated in full herein.

10. Plaintiff-in-Counterclaim has not infringed, nor does it now infringe, any claim of the patent-in-suit.

11. Plaintiff-in-Counterclaim has not induced, nor does it now induce, infringement of any claim of the patent-in-suit.

12. Plaintiff-in-Counterclaim has not contributorily infringed, nor does it now contributorily infringe, any claim of the patent-in-suit.

13. Plaintiff-in-Counterclaim is entitled to a declaratory judgment that it has not directly, contributorily, or by inducement, infringed any claim of the patent-in-suit.

## COUNT II
### (DECLARATORY JUDGMENT OF INVALIDITY AND UNENFORCEABILITY)

14. Plaintiff-in-Counterclaim repeats and reasserts all allegations in the paragraphs above as if they were stated in full herein.

15. The patent-in-suit is invalid for failure to comply with one or more provisions of Title 35 of the United States Code related to patentability.

16. On information and belief, Philips repeatedly delayed issuance of the '846 patent by unreasonable and unexplained delays in the prosecution of the chain of continuing patent applications commencing with the initial filing in 1973 culminating in the issuance of the patent

in 1991 and an Ex Parte Reexamination Certificate in 2006, making the patent unenforceable because of prosecution laches.

17. On information and belief, Philips unreasonably delayed submitting prior art to the Patent Examiner, or withheld prior art from the Patent Examiner, making it impractical or impossible for the Patent Examiner to fully consider such prior art and thereby rendering the '846 patent unenforceable.

18. Plaintiff-in-Counterclaim is entitled to a declaratory judgment that the patent-in-suit is invalid and unenforceable.

## EXCEPTIONAL CASE

19. This is an exceptional case entitling Plaintiff-in-Counterclaim to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Philips' assertion of the '846 patent against Plaintiff-in-Counterclaim with the knowledge that the '846 patent is not infringed and/or is invalid.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff-in-Counterclaim respectfully requests that:

1. The First Amended Complaint be dismissed with prejudice as to Plaintiff-in-Counterclaim and Plaintiff-in-Counterclaim be awarded its costs for this action;

2. Judgment be entered declaring that the patent-in-suit is not infringed by Plaintiff-in-Counterclaim and is invalid and unenforceable;

3. Judgment be entered declaring that Plaintiff-in-Counterclaim has not contributorily infringed the patent-in-suit, and has not induced others to infringe the patent-in-suit;

4. Judgment be entered declaring this to be an exceptional case under 35 U.S.C. §285, and Plaintiff-in-Counterclaim be awarded its attorneys' fees and expert fees incurred for defending this action and prosecuting its counterclaim; and

5. Plaintiff-in-Counterclaim be granted such other relief as the Court deems just and proper.

## JURY TRIAL

Defendant requests a jury trial on all its claims.

Dated: June 26, 2008

Respectfully submitted,

 s/ Ivan S. Kavrukov
Ivan Kavrukov
William E. Pelton
Tonia A. Sayour
Gregory J. Carbo
COOPER & DUNHAM LLP
1185 Avenue of the Americas
New York, New York 10036
Tel:  (212) 278-0400
Fax:  (212) 391-7550
ikavrukov@cooperdunham.com
gcarbo@cooperdunham.com

Attorneys for Defendant UMG Manufacturing & Logistics, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of June, 2008, I electronically filed the foregoing ANSWER AND COUNTERCLAIM OF UMG MANUFACTURING AND LOGISTICS with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Edward D. Johnson
    MAYER BROWN LLP
    Two Palo Alto Square, Suite 300
    3000 El Camino Real
    Palo Alto, California 94306-2112
    wjohnson@mayerbrown.com

    Vince P. Kovalick
    John F. Hornick
    Samuel C. Bass
    FINNEGAN, HENDERSON, FARABOW,
       GARRETT & DUNNER, L.L.P.
    901 New York Avenue, N.W.
    Washington, D.C. 20001
    vince.kovalick@finnegan.com
    John.Hornick@finnegan.com
    Samuel.Bass@finnegan.com

    Christopher J. Houpt
    MAYER BROWN LLP
    1675 Broadway
    New York, New York 10019
    choupt@mayerbrown.com

    s/ Ivan S. Kavrukov
    Ivan S. Kavrukov