UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS N.V. and U.S. PHILIPS CORPORATION<br><br>    Plaintiffs,<br><br>  v.<br><br>ENTERTAINMENT DISTRIBUTION COMPANY (USA) LLC; ENTERTAINMENT DISTRIBUTION COMPANY; UNIVERSAL MUSIC GROUP, INC.; UMG MANUFACTURING & LOGISTICS, INC.; JAMES CAPARRO, an Individual; JORDAN COPLAND, an Individual; and John Does No. 1 through 100,<br><br>    Defendants. | Civil Action No. 08-cv-4070 (SCR) (LMS) |

## UNIVERSAL MUSIC GROUP INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Universal Music Group, Inc. ("UMGI" or "Defendant") respectfully submits this Memorandum of Law in support of its motion to dismiss the Amended Complaint filed by plaintiffs Koninkjijke Philips Electronics N.V ("Philips N.V.") and U.S. Philips Corporation ("U.S. Philips") (hereinafter collectively referred to as "Philips" or "Plaintiffs") for failure to state a claim upon which relief can be granted.

Plaintiffs' Complaint purports to state claims for breach of contract and patent infringement against UMGI, but fails to allege any facts which include plausible grounds for relief. Specifically, UMGI is not a party to any of the contracts at issue in this suit and has

nothing to do with the products and patents at issue. Moreover, UMGI is merely an indirect parent of its co-defendant and actual contracting party, UMG Manufacturing & Logistics, Inc. ("UMGML"), and Plaintiffs have utterly failed to allege any facts sufficient to pierce UMGI's corporate veil. As a result, UMGI respectfully requests that the Amended Complaint against it be dismissed.

### I.   BACKGROUND

This is an action brought by Philips against Defendants Entertainment Distribution Company (USA) LLC ("EDC LLC"), Entertainment Distribution Company ("EDC"), UMGI, UMGML, James Caparro, Jordan Copland, and John Does No. 1 through 100 for breach of contract and patent infringement.

Plaintiffs allege in their Amended Complaint that, *inter alia*, (1) U.S. Philips is the owner by assignment of all right, title, and interest in U.S. Patent No. 5,068,846 ("the '846 patent"), (2) effective January 1, 1998, U.S. Philips and Universal Music and Video Distribution, Inc. ("UMVD") entered into a license agreement whereby U.S. Philips granted UMVD rights and certain patents related to CD systems, (3) Philips then entered into an agreement with UMGML effective July 1, 2002 whereby Philips granted UMGML worldwide rights under certain patents related to CD systems (the "UMGML Agreement"), including the '846 patent, and entered into a "Side Letter" under which the UMGML Agreement superseded and replaced the UMVD Agreement, (4) effective January 3, 2007, Philips and EDC LLC entered into a license agreement whereby Philips granted EDC LLC rights under certain Philips patents related to CD systems (the "EDC LLC Agreement"), including the '846 patent, and (5) in 2005, EDC acquired the CD-

Disc manufacturing operations of UMGML and began to pay royalties to Philips under the UMGML Agreement.

In Count I of the Amended Complaint, Plaintiffs allege that EDC LLC, EDC, and UMGML – and notably *not* UMGI – "have materially breached the UMGML Agreement and Side Letter and the EDC LLC Agreement by failing to pay royalties on their manufacture and sale of selected CD-Discs." (Amended Complaint ¶ 83). The sole alleged connection of UMGI to UMGML's supposed breach of contract is that UMGI "intentionally induced EDC LLC to breach the EDC LLC Agreement." (Amended Complaint ¶ 84). No alleged basis is given for how a completely different entity – an entity with no alleged relationship with either Philips or EDC LLC – could have "induced" such a breach.

In Count II, Plaintiffs allege that UMGI, among others, "infringed and [is] continuing to infringe, literally and/or under the doctrine of equivalents, the '846 patent by practicing one or more claims of the '846 patent in [its] manufacture, use, offering for sale, sale, and/or importation of products, and/or by inducing or contributing to the infringement of the '846 patent without a license and/or without paying royalties to Philips." As with the breach of contract count, absolutely no alleged basis is given for how a party like UMGI that has no alleged involvement, contractual or otherwise, with Philips or EDC LLC could be liable for such purported infringement.

According to the Amended Complaint, it was UMGML that entered into an agreement with Philips, not UMGI. UMGI is merely one within a group of companies sometimes known collectively as the "Universal Music Group," which are ultimately owned by the French entity Vivendi, S.A. (Declaration of Neil Nagano in Support of Defendant's Motion to Dismiss ("Nagano Decl."), which is annexed to Defendant's Motion to Dismiss, ¶¶ 2-3.) There are

multiple degrees of separation between UMGML and UMGI.  UMGI owns Polygram Holding, Inc. ("Polygram") which owns UMGML. (Nagano Decl. ¶ 4).  UMGI, Polygram, and UMGML are all separate and distinct legal entities who observe their own corporate formalities. (*Id.*).  Moreover UMGI does not exert any dominion or control over UMGML, nor does the Amended Complaint allege otherwise. (*Id.*).  UMGI is simply a holding company and has no day-to-day operations or employees. (Nagano Decl., ¶ 4.)

## II.     ARGUMENT

### A.  Applicable Standard

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, the Court must accept "all factual allegations in the complaint and [draw] all reasonable inferences in the plaintiff's favor." *ATSI Communs. Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007).  However, the allegations found in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1975 (2007) (requiring plaintiff to plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [her claim]").  Ultimately, a court should dismiss a complaint for failure to state a claim when the complaint fails to include "plausible grounds" for relief. *Id.*

As demonstrated below, this Court should dismiss Plaintiffs' claims against UMGI because, even when the Complaint is viewed in the light most favorable to Philips, Philips fails to include any set of facts that raises a right to relief against UMGI above the speculative level.

### B.  There Is No Basis for Plaintiffs' Claims Against UMGI

The Court should dismiss the Complaint as against UMGI because the Complaint fails to allege any plausible grounds for relief against UMGI.  UMGI is merely a holding company; it

has no day-to-day operations or employees. (Nagano Decl. ¶ 4).  Therefore, UMGI could not have induced, and did not induce, EDC LLC to breach any contract with the plaintiffs in this action, nor could it have infringed any patents at issue in this action.

Plaintiffs have also failed to even attempt to allege the requisite requirements to pierce UMGI's corporate veil for UMGML's alleged liability.  UMGI is two levels removed from its indirect subsidiary, UMGML (Nagano Decl. ¶ 4).  The law is well-established in New York that a parent company is not automatically liable for the acts of its subsidiary, let alone an indirect subsidiary. *See Lipton v. Unumprovident Corp.*, 10 A.D.3d 703, 783 N.Y.S.2d 601, 603 (2d Dep't 2004) (stating that a parent company will not be held liable for the torts of its subsidiary unless it can be shown that the parent exercises complete dominion and control over the subsidiary); *See Allied Programs Corp. v. Puritan Ins. Co.,* 592 F.Supp. 1274, 1276 (S.D.N.Y. 1984) *(*dismissing breach of contract claim against a parent corporation that was not a party to the contract at issue because plaintiff failed to provide factual support for its allegation that the parent corporation controlled its subsidiary).

Under New York law, in order to pierce the corporate veil and impose liability on a parent company, a plaintiff must make a two-part showing: (i) that the parent exercised such complete domination in respect to the transaction being attacked that the subsidiary had at the time no separate will of its own and (ii) that this domination was used to commit fraud or wrong against the plaintiff, which proximately caused the plaintiff's injury. *American Protein Corp. v. AB Volvo*, 844 F.2d 56, 60 (2d Cir. 1988), *cert denied*, 488 U.S. 852 (1988) (internal quotations omitted); *Zinaman v. USTS New York, Inc.*, 798 F.Supp. 128, 132 (S.D.N.Y. 1992).  Related corporations are afforded a presumption of separateness which a plaintiff can overcome only

with a showing of actual domination required to pierce the corporate veil. *Edwin De Jesus v. Sears Roebuck*, 87 F.3d 65 (2d Cir. 1995).

Plaintiffs have met neither of these requirements. UMGI, a mere holding company, is alleged to have induced EDC LLC to breach its agreement with Plaintiffs. UMGI is further alleged to have infringed Plaintiffs' patent. Yet UMGI has no employees and no day-to-day operating activities, and therefore any possible liability in this matter can only be predicated on its relationship to UMGML, the actual contracting party. However, Plaintiffs have failed to allege any facts at all from which the Court could impute liability to UMGI for UMGML's actions. Indeed, the Complaint does not in any way allege that UMGML was controlled and dominated by UMGI, nor are there any allegations whatsoever that could be sufficient to pierce UMGI's corporate veil. Furthermore, even assuming that Plaintiffs had pled the requisite control and domination, Plaintiffs also fail to allege that UMGI used this supposed control and domination to commit a fraud against Philips and be the proximate cause of Philips' loss. *See Zinaman*, 798 F.Supp. at 132. The Complaint is utterly devoid of any allegations of fraudulent conduct by UMGI.

Simply put, Plaintiffs have failed to allege any facts which include plausible grounds for relief against UMGI. Accordingly, the Court should dismiss all of the Plaintiffs' claims against it.

### III.   CONCLUSION

For the reasons and on the authorities discussed above, it is respectfully requested that the Complaint against UMGI be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

- 7 -

Date:   June 26, 2008                     Respectfully submitted,

  s/ Ivan Kavrukov
Ivan Kavrukov
William E. Pelton
Gregory J. Carbo
COOPER & DUNHAM LLP
1185 Avenue of the Americas
New York, New York 10036
Tel: (212) 278-0400
Fax: (212) 391-7550
wpelton@cooperdunham.com
ikavrukov@cooperdunham.com
gcarbo@cooperdunham.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of June, 2008, I electronically filed the foregoing **UNIVERSAL MUSIC GROUP INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED R. CIV. P. 12(b)(6),** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Edward D. Johnson
    MAYER BROWN LLP
    Two Palo Alto Square, Suite 300
    3000 El Camino Real
    Palo Alto, California 94306-2112
    wjohnson@mayerbrown.com

    Vince P. Kovalick
    John F. Hornick
    Samuel C. Bass
    FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
    901 New York Avenue, N.W.
    Washington, D.C. 20001
    vince.kovalick@finnegan.com
    John.Hornick@finnegan.com
    Samuel.Bass@finnegan.com

    Christopher J. Houpt
    MAYER BROWN LLP
    1675 Broadway
    New York, New York 10019
    choupt@mayerbrown.com

    /s/ Ivan S. Kavrukov
    Ivan S. Kavrukov

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS N.V. and U.S. PHILIPS CORPORATION<br><br>Plaintiffs,<br><br>v.<br><br>ENTERTAINMENT DISTRIBUTION COMPANY (USA) LLC; ENTERTAINMENT DISTRIBUTION COMPANY; UNIVERSAL MUSIC GROUP, INC.; UMG MANUFACTURING & LOGISTICS, INC.; JAMES CAPARRO, an Individual; JORDAN COPLAND, an Individual; and John Does No. 1 through 100,<br><br>Defendants. | Civil Action No. 08-cv-4070 (SCR) (LMS)<br><br>**DECLARATION OF NEIL NAGANO IN SUPPORT OF DEFENDANT UNIVERSAL MUSIC GROUP, INC.'S MOTION TO DISMISS** |

I, Neil Nagano, hereby declare:

1. I am an officer of Universal Music Group, Inc. ("UMGI"), a defendant in this action. I have personal knowledge of all of the following facts and, if called as a witness, could and would competently testify thereto. I submit this declaration in support of UMGI's motion to dismiss the First Amended Complaint.

2. The Universal Music Group ("UMG") is the colloquial name given to the group of related companies owned ultimately by Vivendi S.A. UMG is the largest music group in the world and consists of, among other things, record companies, music publishing companies, and distribution companies.

3. One of the companies within UMG is UMGI. UMGI was initially incorporated in Delaware on October 30, 1998, under the name Universal Studios Investments, Inc. On April 7, 2004, it changed its name to Universal Music Investments, Inc., and then on December 17, 2004, it changed its name to Universal Music Group, Inc.

4. UMGI is simply a holding company. It has no day-to-day operations. One of its subsidiaries is Polygram Holding, Inc. ("Polygram"), a Delaware corporation. Polygram, in turn, owns UMG Manufacturing & Logistics, Inc. ("UMGML"). UMGI, Polygram, and UMGML are separate and distinct legal entities and each observes its own corporate formalities. UMGI does not exert any dominion or control over UMGML.

5. Because UMGI has no operations, it could not have induced, and did not induce, Entertainment Distribution Company (USA) LLC to breach any contract with the plaintiff in this action, nor could it have infringed any patents at issue in this action.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 25, 2008.

_____
Neil Nagano