UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **KONINKLIJKE PHILIPS ELECTRONICS N.V. and U.S. PHILIPS CORPORATION,**<br><br>      **Plaintiffs,**<br><br>    **v.**<br><br>**ENTERTAINMENT DISTRIBUTION COMPANY (USA) LLC; ENTERTAINMENT DISTRIBUTION COMPANY; UNIVERSAL MUSIC GROUP, INC.; UMG MANUFACTURING & LOGISTICS, INC.; JAMES CAPARRO, an individual; JORDAN COPLAND, an individual; and John Does No. 1 through 100,**<br><br>      **Defendants.** | **Case No. 08-cv-4070 (SCR)** |

**KONINKLIJKE PHILIPS ELECTRONICS N.V. AND U.S. PHILIPS CORPORATION'S MEMORANDUM IN OPPOSITION TO UNIVERSAL MUSIC GROUP INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Plaintiffs Koninklijke Philips Electronics N.V. and U.S. Philips Corporation (collectively "Philips") hereby oppose Universal Music Group Inc.'s ("UMG") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Document No. 17).

**I.      SUMMARY**

UMG argues that Philips has failed to allege sufficient facts to state a claim against UMG and requests that the First Amended Complaint be dismissed. UMG is wrong. It misstates the applicable law, and its cursory analysis mischaracterizes the nature of the facts asserted in the First Amended Complaint. Because Philips has adequately stated claims upon which relief can be granted, UMG's motion to dismiss should be denied.

## II.   ARGUMENT

### A.   Applicable Standard

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a Complaint need only "contain a short and plain statement of the claim showing that the pleader is entitled to relief." This remains the standard, even after the Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly*, ___ U. S. ___, 127 S. Ct. 1955 (2007). As the *Bell Atlantic* Court stated, "we do not apply any heightened pleading standard," *id.* at 1973 n. 14, and "we do not require heightened fact pleading of specifics," *id.* at 1974. Thus, *Bell Atlantic* did not change the law or the pleading standard.

The Court reinforced this principle just two weeks later (in a case ignored by UMG), where it stated that "[s]pecific facts are not necessary; the [Complaint] need only give the defendant fair notice of what the . . . claim is and grounds upon which its rests." *Erickson v. Pardus*, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (citation omitted).[1] The *Erickson* court also reinforced the principle that, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Id.* (citing *Bell Atlantic*, 127 S. Ct. at 1965; *see also ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (explaining that courts must consider motions to dismiss by "accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor."). Whether the plaintiff may ultimately prevail is irrelevant for purposes of deciding a motion to dismiss. *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir. 1996).

---

[1] It is important to note that in *Erickson*, the issue was whether plaintiff's allegations of harm were conclusory. With respect to harm, the Complaint alleged only that the prison's removal of Erickson from prescribed hepatitis C medication was "endangering [his] life." The Court found that such allegation was not conclusory and satisfied Fed. R. Civ. P. 8(a)(2).

Motions to dismiss under Rule 12(b)(6) are rarely granted and are generally viewed with disfavor. *See Patane v. Clark*, 508 F.3d 106, 116 (2d Cir. 2007). Indeed, the Supreme Court has stated that the notice pleading standard "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues . . . ," not motions to dismiss. *Swierkiewicz v. Sorema N. A.,* 534 U. S. 506, 512 (2002). While recognizing that *Bell Atlantic* requires "enough facts to state a claim for relief that is plausible on its face," the United States Court of Appeals for the Second Circuit has clarified that "[o]nly a statement of facts so conclusory that it fails to give notice of the basic events and circumstances on which a plaintiff relies should be rejected as legally insufficient under 12(b)(6)." *Patane*, 508 F.3d at 111-12, 116 (quoting *Bell Atlantic*, 127 S. Ct. at 1974).

In *Iqbal v Hasty*, the Second Circuit discussed the impact of *Bell Atlantic* at length. 490 F.3d 143, 155 (2d Cir. 2007), *cert. granted sub. nom,* Ashcroft v. Iqbal, 2008 WL 336310 (U.S. June 16, 2008) (No. 07-1015). The *Iqbal* Court first noted that the Supreme Court in *Bell Atlantic* "explicitly disclaimed that it was 'requir[ing] heightened fact pleading of specifics,' [ ] and emphasized the continued viability of *Swierkiewicz*, [ ] which had rejected a heightened pleading standard." *Iqbal*, 490 F.3d at 156 (citing *Bell Atlantic*, 127 S.Ct. at 1973-74). Thus, to the extent that Defendants here argue that *Bell Atlantic* requires additional factual specificity at the pleading stage, that argument is not supported by the case law. *See Boykin v. KeyCorp*, 521 F.3d 202, 2008 WL 817111, at * 22 (2d Cir. Mar. 27, 2008) ("[B]oth [*Bell Atlantic*] and [*Erickson*] explicitly disavow that Rule 8(a) requires any plaintiff ... to plead 'specific facts.'").

The low threshold for fact pleading is particularly evident in the context of patent infringement claims, where plaintiffs "need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354,

1357 (Fed. Cir. 2007). Furthermore, "a plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent." *Id.* The minimal pleading requirements for patent infringement are demonstrated by the sample Complaint provided in Fed. R. Civ. P. Form 16 (2006). *Id.* at 1356-57.

### B.    Philips' Alleges Facts Sufficient to State a Claim

#### 1.    Patent Infringement

UMG argues that Philips has failed to allege facts sufficient to state a claim for patent infringement. UMG's arguments, however, are off-point and incorrect. Philips clearly alleges facts sufficient to state its infringement claim.

Philips' First Amended Complaint is modeled after the sample infringement Complaint shown in Fed. R. Civ. P. Form 16 (2006), as approved by the Federal Circuit in *McZeal*. Comparing Philips' First Amended Complaint to that sample Complaint plainly demonstrates the sufficiency of Philips' allegations. In the First Amended Complaint, Philips provided "1) an allegation of jurisdiction," (FAC ¶¶ 12-22), "2) a statement that the plaintiff owns the patent," (FAC ¶¶ 28, 97), "3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent,'" (FAC ¶ 94), "4) a statement that the plaintiff has given the defendant notice of its infringement," (FAC ¶ 99), and "5) a demand for an injunction and damages" (FAC ¶¶ F, L). *See McZeal*, 501 F.3d at 1356-57. Nothing more is required to state a claim for patent infringement. *Id.*

UMG's assertions that it is "a mere holding company" and that it "has no employees and no day-to-day operating activities" (Mot. to Dismiss 4-5, 6) are immaterial. UMG's argument that it is somehow incapable of committing patent infringement is irrelevant here. As UMG

*itself admits*, Philips' factual allegations must be accepted as true for the purposes of this motion. *ATSI Commc'ns,* 493 F.3d at 98.

Philips has accused UMG of making and/or selling infringing CD-Discs and/or inducing or contributing to the making and/or selling of infringing CD-Discs. (FAC ¶ 94.) Thus, for the purposes of this motion, the Court must accept as true that UMG has committed such infringing acts. *See ATSI Commc'ns,* 493 F.3d at 98. The only question before the Court is whether Philips has adequately stated a claim to obtain relief for such patent infringement. As explained above, Philips pled sufficient facts to put UMG on notice as to what it must defend, and no more is required of a claim for patent infringement. *McZeal,* 501 F.3d at 1357. Accordingly, UMG's motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) should be denied as to Philips' patent infringement claim.

### 2.    Breach of Contract

Philips' breach of contract claim against UMG is based on Philips' allegation that UMG induced Entertainment Distribution Company (USA) LLC ("EDC LLC") to breach its CD-Disc Patent License Agreement with Philips. UMG, however, argues that Philips failed to allege sufficient facts for this claim. Here, again, UMG is wrong. As shown below, Philips alleged sufficient facts.

From the outset, UMG paints an inaccurate picture of Philips' First Amended Complaint. First, UMG contends that "[t]he sole alleged connection of [UMG] to UMGML's supposed breach of contract is that [UMG] 'intentionally induced EDC LLC to breach the EDC LLC Agreement.' (Amended Complaint ¶ 84)." (Mot. to Dismiss 3.) Next, UMG argues that Philips fails to allege any relationship between UMG and EDC LLC. *Id.* UMG also states that "no alleged basis is given for how [EDC LLC] . . . could have 'induced' such a breach." *Id.* The

inherent problem with each of these statements, however, is that they mischaracterize the facts alleged in the First Amended Complaint.

Contrary to what UMG would have this Court believe, the First Amended Complaint paints a much clearer picture of how UMG induced EDC LLC to breach its contract with Philips. The First Amended Complaint contends that EDC acquired the CD-Disc manufacturing operations of UMG Manufacturing & Logistics, Inc. ("UMGML"), a subsidiary company of UMG, after the end of 2Q 2005, and that UMGML ceased reporting and paying royalties to Philips after that time. (First Amended Complaint ("FAC") ¶ 63) The First Amended Complaint further alleges that beginning in June 2005, EDC began reporting and paying royalties to Philips and "*supplying CD-Discs to UMG.*" (FAC ¶ 64 (emphasis added)) Philips' assertion that EDC was supplying CD-Discs to UMG — which must be taken as true for the purposes of this motion — clearly establishes a relationship between EDC and UMG. The First Amended Complaint further alleges that after 1Q 2006, EDC failed to report and pay royalties to Philips for CD-Discs made and sold in the United States (FAC ¶ 65), some of which EDC was selling to UMG (FAC ¶64).

Philips' explanation in the First Amended Complaint that EDC began supplying CD-Discs to UMG and then stopped paying royalties approximately six months later reveals UMG's inducement of EDC's breach. (FAC ¶¶ 63-65) UMG certainly had an interest in obtaining the lowest possible price for the CD-Discs being supplied by EDC, and consequently, UMG had an interest in EDC LLC not paying royalties to Philips on those CD-Discs. Thus, Philips alleged, based on information and belief, that UMG intentionally induced EDC to breach its CD-Disc Patent License Agreement with Philips. (FAC ¶ 84) These allegations raise Philips' right to relief above a speculative level and make Philips' breach of contract claim plausible on its face.

It also furnishes UMG with notice of the basic events and circumstances on which Philips relies. *Bell Atlantic, Erickson,* and *Patane* require nothing more, and *Erickson* requires far less.

UMG's arguments that it is "merely a holding company" that could not have induced EDC LLC to breach any contracts with Philips and that UMG is too far removed from UMGML to allow the Court to pierce UMG's corporate veil are misplaced.   Indeed, such factual arguments are inappropriate here. *Wilmington Fin., Inc. v. Blue Star Fin. Servs., Inc.*, Civ. A. No. 07-3489, 2008 WL 144192, at *2 (E.D. Pa. Jan. 9, 2008) ("Defendants argue that the Amended Complaint is futile because . . .  there are no grounds to pierce the corporate veil . . . .  These arguments are largely factual and thus inappropriate at this early stage of the proceedings."); *id.* (quoting *Cent. Nat. Gottesman v. Pemcor, Inc.*, Civ. A. No. 01-3203, 2001 WL 1198659, at *1 (E.D. Pa. Oct. 5, 2001) ("invoking [alter ego and piercing the corporate veil] theories in a complaint and proceeding on them is not the proper subject of a dismissal motion")).   In a motion to dismiss for failure to state a claim, the facts are to be taken as Philips alleged them in the First Amended Complaint. *ATSI Commc'ns,* 493 F.3d at 98.   Whether Philips can ultimately prevail in piercing UMG's corporate veil is irrelevant for the purposes of this motion. *Bernheim*, 79 F.3d at 321.

Accordingly, Philips has met its burden and cannot be prevented from seeking discovery from UMG to develop its plausible claims.   Thus, UMG's motion to dismiss should be denied.

### C.      UMG Appears to Have Lured Philips Into This Motion

Philips originally filed this action in the Eastern District of Texas, naming the same Defendants, except that Philips named Universal Music Group, not Universal Music Group, Inc. Defendants' current counsel, Cooper & Dunham, accepted service of the Texas Complaint for "Universal Music Group" and later moved to transfer the Texas case to this Court.   Philips then

dismissed the Texas case under Fed. R. Civ. P. 41(a)(i) and refiled it in this Court, again naming Universal Music Group, not Universal Music Group, Inc.

Philips then asked Defendants' counsel if they would accept service of the original Complaint in this action. Defendants counsel responded in a May 14, 2008 email that "UMG is not a legal entity but and informal name by which some people refer to a group of companies; I assume that plaintiffs will dismiss it." (Bass Declaration, Ex. A, 5/14/08 Kavrukov email) Philips responded by pointing out that both the Texas Complaint and the original Complaint in this action stated that "Defendant Universal Music Group ("UMG") is a corporation organized under the laws of Delaware with a principal place of business at 10 Universal City Plaza, Universal City, California," that Defendants' counsel accepted service of the Texas Complaint for UMG, and that the records of the Delaware Secretary of State show a Delaware corporation called Universal Music Group, Inc. Philips then stated "We assume that you represent that company for purposes of [this] Action. If you wish, we will file a stipulation under FRCP 21 to add 'Inc.' to UMG's company name." (Bass Declaration, Ex. A, 5/14/08 Hornick email) Defendants' counsel responded that "we will accept service for Universal Music Group on the understanding that plaintiffs will amend or otherwise correct the complaint to refer to a legal entity." (Bass Declaration, Ex. A, 5/15/08 Kavrukov email) They said nothing about UMG, Inc. allegedly being the **wrong** legal entity.

Accordingly, Philips then filed the First Amended Complaint in this action. The only differences between the original Complaint and the First Amended Complaint are that Philips changed its address and changed the named Defendant Universal Music Group to Universal Music Group, Inc. Defendants' counsel then filed the current motion to dismiss, on behalf of Universal Music Group, Inc., arguing that it "has nothing to do with the products and patents at

issue." (Motion to Dismiss 2.)  Of course this is an argument on the merits and therefore inappropriate here.  However, UMG, Inc.'s counsel asked Philips to name it as a Defendant, but made no attempt to convince Philips that it was an improper party.  Philips then did as UMG, Inc. asked.  Having lured Philips into this motion, UMG, Inc.'s motion should be denied on this basis alone.

## III.   CONCLUSION

For at least the reasons stated above, Philips' First Amended Complaint states sufficient facts to support both its patent infringement claim and its breach of contract claim against UMG. Thus, UMG's Motion to Dismiss for Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6) should be denied.

Date:   July 14, 2008

/s/ Samuel C. Bass
Vince P. Kovalick    (*pro hac vice*)
John F. Hornick     (*pro hac vice*)
Samuel C. Bass      (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Tel: (202) 408-4000
Fax: (202) 408-4400

Edward D. Johnson
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112
Tel: (650) 331-2000
Fax: (650) 331-2060

Christopher J. Houpt
MAYER BROWN LLP
1675 Broadway
New York, New York 10019

Tel: (212) 506-2380
Fax: (212) 849-5830

*Attorneys for Plaintiffs*
*Koninklijke Philips Electronics N.V. and*
*U.S. Philips Corporation*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Samuel C. Bass*

10