UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KONINKLIJKE PHILIPS ELECTRONICS N.V. and U.S. PHILIPS CORPORATION<br><br>    Plaintiffs,<br><br>  v.<br><br>ENTERTAINMENT DISTRIBUTION COMPANY (USA) LLC; ENTERTAINMENT DISTRIBUTION COMPANY; UNIVERSAL MUSIC GROUP, INC.; UMG MANUFACTURING & LOGISTICS, INC.; JAMES CAPARRO, an Individual; JORDAN COPLAND, an Individual; and John Does No. 1 through 100,<br><br>    Defendants. | Civil Action No. 08-cv-4070 (SCR) (LMS) |

## UNIVERSAL MUSIC GROUP INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendant, Universal Music Group, Inc., submits this reply memorandum in support of its Motion to Dismiss pursuant to Fed.R.Civ.P.12(b)(6).

I. **INTRODUCTION**

Philips' complaint against Universal Music Group, Inc. ("UMG") recites legal conclusions devoid of factual allegations and is not plausible on its face. Philips asserts, without supporting factual allegations, that UMG induced EDC LLC to breach its license agreement with Philips. It is apparent from the amended complaint and UMG's opening brief, however, that

UMG is not a party to a license agreement with Philips and is a holding company without employees or day-to-day business. Further, the dispute between EDC LLC and Philips regarding royalty payments concerns only a time period that started well after EDC LLC acquired the pertinent business from another company, UMG Manufacturing & Logistics, Inc. ("UMGML").[1] Simply asserting the legal conclusion that UMG, an entity not a party to any of the agreements at issue, induced EDC LLC to stop paying royalties for a patent it stopped using is not a plausible factual allegation. Similarly, reciting the legal conclusion that UMG infringes the patent, when UMG has no employees or day-to-day business, without factual allegations making the legal charge plausible, does not meet the current standards for pleading.

## II.    ARGUMENT

### A.    Philips' Claims Against UMG Are Not Plausible

Contrary to Philips' contentions, Philips has failed to allege facts to state a claim to relief that is plausible on its face under the plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955 (2007).

As Philips admits, *Bell Atlantic* requires "enough facts to state a claim for relief that is plausible on its face." While *Bell Atlantic* does not require a heightened fact pleading, it clearly requires a "plausibility standard which obliges a pleader to amplify a claim with some factual allegations in the contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007), *cert granted sub. nom.*, Ashcroft v. Iqbal, 2008 U.S. LEXIS 4906 (U.S. June 16, 2008) (No. 07-1015). Philips' reliance on *Erickson v. Pardus*, ___ U.S. ___, 127 S.Ct. 2197 (2007) and *McZeal v. Sprint Nextel Corp.*¸ 501 F.3d 1354 (Fed. Cir. 2007) is misplaced because these cases do not abrogate the *Bell Atlantic* Court's

---

[1] UMGML is already a defendant in this action and has filed an answer to the FAC.

plausibility standard and because they dealt with *pro se* litigants and both Courts emphasized that there is a lower bar for *pro se* litigants to avoid dismissal on the basis of Fed.R.Civ.Pro. 12(b)(6).

### 1. Breach of Contract

Philips has failed to make factual allegations that would make it plausible that UMG, a holding company with no employees or day-to-day operations, and no corporate relationship to EDC LLC, induced EDC LLC to breach its license agreement with Philips. The allegation against UMG in the First Amended Complaint ("FAC") is paragraph 84 stating that UMG and two individuals unrelated to UMG "intentionally induced EDC LLC to breach the EDC LLC Agreement." This is a proffered legal conclusion and not a factual allegation that is plausible or gives UMG fair notice under the circumstances.

Philips argues in its opposition that in paragraph 64 its FAC alleges that EDC began "supplying CD-Discs to UMG." However, according to the same paragraph in the FAC, this pertains to a period when EDC was paying royalties to Philips, before the alleged breach. There is no allegation in the FAC that UMG was buying or selling that accused product, nor can such a factual allegation be made in good faith. It is not plausible that UMG, a company that has no day-to-day operations or employees and thus does not purchase CD-Discs, would have a reason to induce this alleged breach of contract. In addition, UMG, as a holding company without any operations, was never a party to any license agreements with Philips and thus could not and did not breach any such agreements. Had Philips done the required Rule 11 investigation before naming UMG in the FAC, it would have known that UMG should not have been named.

The Court's analysis in *Bell Atlantic* further supports the argument that Philips has failed to allege facts sufficient under the plausibility standard. In *Bell Atlantic*, consumers brought a class action against incumbent local exchange carriers (ILECs) alleging antitrust conspiracy in

violation of the Sherman Act.  The Court held that under the plausibility standard, the plaintiffs' claim of conspiracy in restraint of trade came up short because the ILECs had their own interest in resisting the upstarts.  Therefore, it was not plausible that on top of that legitimate interest there would be a need for joint encouragement in violation of the Sherman Act. *See Bell Atlantic* 127 S.Ct. at 1971 ("there is no reason to infer that the companies had agreed among themselves to do what was only natural anyway . . . there was just no need for joint encouragement to resist the 1996 Act . . . each ILEC would attempt to keep CLECs out, regardless of the actions of other ILECs").  Similarly, it is not plausible here that EDC LLC would need inducement from UMG to cease paying royalties to Philips upon EDC's discontinuing use of the licensed Philips patent.

Philips' reliance on *Wilmington Fin., Inc. v. Blue Star Fin. Servs., Inc.*, for the proposition that UMG's argument that it is merely a holding company is inappropriate also is misplaced. Civ. A. No. 07-3489, 2008 U.S. Dist. LEXIS 1793 (E.D. PA Jan 9, 2008).  In *Wilmington*, the Amended Complaint made clear that the Plaintiff sought to reach the Defendant on an alter ego (corporate parent and/or partner) theory.  The Court held that Defendant's argument that the Amended Complaint was futile because there were no grounds to pierce the corporate veil was inappropriate at this early stage of the proceedings because the Amended Complaint set forth a successor liability claim that was at least plausible on its face.  Here, Philips does not base its breach of contract claim against UMG on an alter ego theory, but instead alleges that UMG actually induced EDC LLC to breach its contract with Philips.  UMG's statement that UMG is merely a holding company is set forth simply to demonstrate that it is not plausible that UMG, as a holding company without employees and without day-to-day operations or a corporate relationship with EDC LLC, could have induced EDC LLC to allegedly breach its contract with Philips.

Accordingly, UMG's motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) should be granted as to Philips' breach of contract claim.

### 2. Patent Infringement

Philips' contention that reliance on Fed. R. Civ. P. Form 16 precludes dismissal of the complaint against UMG is without merit.

While *Bell Atlantic* (as discussed in *McZeal*) acknowledges that "[a] defendant wishing to prepare an answer in the simple fact pattern laid out in [a Fed. R. Civ. P. Form] would know what to answer", the Court also stated that "a formulaic recitation of the elements of a cause of action will not do." 127 S.Ct. at 1971 n.10 and 1965. A pleader must still meet the plausibility standard enunciated in *Bell Atlantic* and discussed in *Iqbal*. Philips' allegation in this respect against UMG is in paragraph 94 of the FAC, stating that UMG "and/or" two companies and two individuals unrelated to UMG have infringed the Philips patent. This again is a proffered legal conclusion devoid of factual allegations specific to UMG that would make it plausible or would constitute fair notice to UMG. It is simply not plausible that a company that has no employees or day-to-day operations would make or sell the allegedly infringing products or would induce the making or selling of infringing products by a company or individuals that have no corporate relationship with UMG. Thus Philips' patent infringement claim is not plausible on its face and does not give UMG a fair notice of the claim, and UMG's motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) should be granted as to Philips' patent infringement claim.

### B. UMG's Counsel Properly Accepted Service of the Complaint

UMG's counsel agreed to accept service for all the parties it represented in this action as a convenience and to allow for efficient service. UMG's counsel's agreement to "accept service for Universal Music Group on the understanding that plaintiffs will amend or otherwise correct

the complaint to refer to a legal entity" (Opposition, page 8) did not in any way constitute an admission that Philips' allegations were sufficient to state a claim for relief. Philips' contention that UMG's motion to dismiss should be denied on this basis has no merit, particularly when Philips apparently failed to meet its obligations in a pre-filing investigation.

### III. CONCLUSION

For the foregoing reasons, this Court should grant UMG's motion to dismiss Philips' claims against UMG for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

Date:  July 24, 2008

Respectfully submitted,

/s/Ivan S. Kavrukov
Ivan S. Kavrukov
William E. Pelton
Gregory J. Carbo
COOPER & DUNHAM LLP
1185 Avenue of the Americas
New York, New York 10036
Tel: (212) 278-0400
Fax: (212) 391-7550
wpelton@cooperdunham.com
ikavrukov@cooperdunham.com
gcarbo@cooperdunham.com

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of July, 2008, I electronically filed the foregoing **UNIVERSAL MUSIC GROUP INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED R. CIV. P. 12(b)(6),** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Edward D. Johnson
>MAYER BROWN LLP
>Two Palo Alto Square, Suite 300
>3000 El Camino Real
>Palo Alto, California 94306-2112
>wjohnson@mayerbrown.com
>
>Vince P. Kovalick
>John F. Hornick
>Samuel C. Bass
>FINNEGAN, HENDERSON, FARABOW,
>GARRETT & DUNNER, L.L.P.
>901 New York Avenue, N.W.
>Washington, D.C. 20001
>vince.kovalick@finnegan.com
>John.Hornick@finnegan.com
>Samuel.Bass@finnegan.com
>
>Christopher J. Houpt
>MAYER BROWN LLP
>1675 Broadway
>New York, New York 10019
>choupt@mayerbrown.com

>>/s/Ivan S. Kavrukov
>>Ivan S. Kavrukov